**Opinion issued April 2, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00795-CR

———————————

**JOHNNIE ALEXANDER RILES III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1746354**

## MEMORANDUM OPINION

A jury found appellant Johnnie Alexander Riles III guilty of the second-degree felony offense of indecency with a child by contact and assessed Riles' punishment at confinement for ten years and a $10,000 fine and recommended that Riles be placed on community supervision. *See* TEX. PENAL CODE §§ 12.33,

21.11(a)(1), (d). Consistent with the jury's verdict, the trial court suspended the imposition of Riles' sentence and placed Riles on community supervision for ten years. *See* TEX. CODE CRIM. PROC. art. 42A.055. Riles timely filed a notice of appeal.

On appeal, Riles' appointed counsel filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *Anders v. California*, 386 U.S. 738 (1967). In her brief, counsel states that she has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Riles' counsel has informed the Court that she mailed a copy of the *Anders* brief, her motion to withdraw, and the appellate record to Riles and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at

408–09.[1] Riles filed a response to his counsel's *Anders* brief and the State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] TEX. R. APP. P. 423.2(a). Court-appointed counsel BreAnna Schwartz must immediately send Riles the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] This Court also notified Riles at his last known address of his right to access the record and file a response and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[2] Appointed counsel still has a duty to inform Riles of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).